IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHOICE ESCROW AND LAND TITLE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-03531-CV-S-JTM |
| | ) | |
| BANCORPSOUTH BANK, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

On November 11, 2011, Choice Escrow and Land Title, LLC ("Choice"), the plaintiff herein, filed a motion to strike certain affirmative defenses contained in the First Amended Answer to the Second Amended Complaint filed by defendant BancorpSouth Bank ("BSB").

Pursuant to the Federal Rules of Civil Procedure, a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The grant or denial of a motion to strike is committed to the Court's discretion. *Federal Deposit Insurance Corp. v. Niblo*, 821 F.Supp. 441, 449 (N.D. Tex. 1993). Moreover, motions to strike a defense will be denied "if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977). As one court has noted:

> The party moving to strike under authority of [Rule] 12(f) bears a heavy burden. . . . The Court may grant a motion to strike an affirmative defense only if no questions of law or fact exist and the defense sought to be stricken could not succeed under any set of circumstances.

*Burns v. Office of Attorney General*, 2007 WL 2247600, op. at *8 (D. Minn. Aug. 2, 2007)[1] (*quoting First Bank System, Inc. v. Martin*, 782 F.Supp. 425, 426 (D. Minn. 1991)). Thus, "because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *Niblo*, 821 F.Supp. at 449 (N.D. Tex. 1993).

Having carefully considered the parties arguments, the Court denies the pending motion to strike. *Compare Augustus v. Board of Public Instruction*, 306 F.2d 862, 868 (5th Cir. 1962) ("[W]hen there is no showing of prejudicial harm to the moving party, ... the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike."); *Bryant v. American Nat'l Bank & Trust Co.*, 407 F.Supp. 360, 363 (N.D. Ill. 1976) ("A motion to strike a defense should be denied if the defense presents a question of law which the court should hear."); *South v. United States*, 40 F.R.D. 374, 376 (N.D. Miss. 1966) (motion to strike "not intended to furnish an opportunity for the determination of disputed and substantial questions of law.").

---

[1] The *Niblo* court expressed the burden in even more draconian terms:

> In order to succeed on a motion to strike surplus matter from an answer, it must be shown that the allegations being challenged are so unrelated to plaintiff's claim as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.

*Niblo*, 821 F.Supp. at 449 (N.D. Tex. 1993).

Accordingly, it is

**ORDERED** that *Plaintiff's Motion To Strike Directed At Defendant's First Amended Answer To Second Amended Complaint*, filed November 9, 2011 [Doc. 39] is **DENIED**.

          */s/ John T. Maughmer*
          **JOHN T. MAUGHMER**
          **U. S. MAGISTRATE JUDGE**